# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

In the matter of: )
 )   Chapter 13 Case
HORTENSE B. RILEY )
 )   Number 05-20322
          *Debtor* )

## ORDER ON OBJECTION TO CLAIM
## OF LOUVENIA LINTON

### FINDINGS OF FACT

The Debtor objects to the claim of Louvenia Linton ("Linton") in the amount of $32,000.00. The claim is based upon Linton's assertion that she performed personal care services for the Debtor (to whom she is distantly related) over a period of time from 2000 or 2001 to December 2004. Initially, Linton agreed to assist the Debtor part-time with bathing and personal care and was to be paid on a weekly basis at the rate of $80.00 per week. Later, she began assisting the Debtor on a daily basis, although the number of hours per day is in dispute. There was an agreement for her to receive $400.00 per month for these services. At some point, however, Linton's vehicle became inoperable. The Debtor offered to provide her with a 1999 Mercury Grand Marquis for her personal use as well as use in connection with personal services in lieu of a salary. Linton agreed to this arrangement, and the Debtor continued making payments of approximately $393.00 per month on the car. Linton claims that the agreement further provided that the Debtor would give her this car free and clear of any liens upon the final car payment. The Debtor disputes this arrangement.

AO 72A
(Rev. 8/82)

In December 2004, Linton gave notice that she intended to leave the employment of the Debtor approximately six months thereafter to start a small business. The Debtor immediately terminated her services. There was no agreement between the parties whatsoever as to what would occur in the event the vehicle was not paid off prior to the time that Linton ceased working for the Debtor. There is a dispute as to whether the agreement to give her the car when it was paid off, in fact, was ever the subject of a meeting of the minds between the parties. No agreement between the parties was ever reduced to writing although there were at times checks written and at other times Linton's salary was paid in cash. At the time the case was filed, the car was valued at approximately $7,700.00 at retail and listed by the Debtor as being worth $5,530.00. On the date of filing, the balance owed on the vehicle was $5,178.20.

Even if there had been an agreement that Linton would acquire title to the vehicle upon the final car payment, her decision to leave the Debtor's employment and the Debtor's decision to terminate her immediately preclude any finding that Linton should be awarded title to the vehicle since it was not paid off at that time. However, it is clear from the course of dealing of the parties that Linton accepted use of the vehicle in lieu of payment of $80.00 per week in the reasonable expectation that she was gaining or acquiring some equity interest in the vehicle. While the Debtor disputes this, I find it persuasive that Linton accepted use of the vehicle, which might or might not have been of equal value to her services in lieu of payment of a certain sum in cash or by check. The fact that she agreed to permit the pay that was otherwise due her to be diverted or used to pay off the car does

suggest that the parties' course of dealing recognized that Linton would have some residual equity interest in the vehicle when it was paid off.

## DISCUSSION

Any claim that Linton may have against the Debtor arises out of the agreement made between the two concerning Linton's caring for the Debtor. Sounding in contract, determining whether Linton has a claim against the Debtor is a state law question that requires reference to Georgia law for resolution. See Whittington v. Gilbralter Sav. & Loan Assoc. (In re Spain), 103 B.R. 286, 290 (N.D. Ala. 1988)("The bankruptcy courts can hear claims based on state law as well as those based on federal law."); In re Mandalay Shores Coop. Hous. Ass'n, 54 B.R. 632, 635-36 (Bankr. M.D. Fla. 1984)("While both terms, 'creditors' and 'claims,' are governed by the definition furnished by the Bankruptcy Code, the underlying right to a payment is determined by substantive local law. Thus, if under the applicable local law these parties whose claims are under challenge are not entitled to any relief against the debtor, then evidently they do not have a claim which could be allowed in spite of an extremely broad definition of the Bankruptcy Code.").

Since the evidence reveals that some sort of express agreement existed between the Debtor and Linton, the state law theories of implied contract and quantum meruit cannot resolve this matter. See Dep't of Transp. v. Fru-Con Constr. Corp., 206 Ga. App. 821, 825, 426 S.E.2d 905, 909 (1992)("An implied contract is one not created or evidenced by distinct and explicit language, but inferred by law as a matter of reason and

justice.")(citations omitted); In re S. Diversified Properties, Inc., 110 B.R. 992, 996 (Bankr. N.D. Ga. 1990)("Quantum meruit is an equitable remedy applied to the law of contracts to avoid unjust enrichment for services rendered under a contract implied by law."). Because no written contract or agreement existed between the Debtor and Linton that contained any definite term of employment, Linton's status while working for the Debtor may be classified as at-will employment. See Farrior v. H.J. Russell & Co., 45 F. Supp.2d 1358, 1365 (N.D. Ga. 1999)("While many employees work for employers without any written memorialization of their relationship, the on-going exchange of labor and pay represents their contract."); Biven Software, Inc. v. Newman, 222 Ga. App. 112, 115, 473 S.E.2d 527, 530 (1996). As an at-will employee under Georgia law, Linton could enforce her oral agreement with the Debtor for compensation based on the work she performed. See Farrior, 45 F. Supp.2d at 1365. Therefore, Linton has demonstrated that she is entitled to a claim against the Debtor under Georgia law.

As for the amount of that claim, under Georgia law, the original terms for compensation under an at-will arrangement are enforceable for the work actually performed pursuant to that arrangement. Biven Software, 222 Ga. App. at 115 (citations omitted). Furthermore, in an at-will employment relationship, an employer is not permitted to change the agreed rate of pay for the required service or work that has already been performed. Cox v. Erwin, 246 Ga. App. 439, 440, 541 S.E.2d 69, 71 (2000). Because the agreement between the Debtor and Linton was terminated prior to the payoff of the 1999 Mercury Grand Marquis, in the absence of other evidence, I value her claim in the amount of the Debtor's

equity in the vehicle as of the date of the filing, or $2,521.80, which is the difference between the payoff on the car and the NADA value as of the filing date of this case.

### ORDER

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the claim of Louvenia Linton is allowed as an unsecured claim in the amount of $2,521.80.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 17th day of January, 2006.